———o o o———

### RIFE *v.* PIERSON.

Where the transcript of a justice describes a note to be dated April 12, when the note offered in evidence is dated April 2, but is otherwise identified as the note upon which suit was brought, the variance is not fatal.

#### *Error to Des Moines District Court.*

*Opinion by* WILLIAMS, C. J. John Pierson sued Abraham Rife in debt before a justice of the peace. His action was brought on two due bills, the one dated the 2nd of April, 1846, and calling for $50,00 with ten per cent interest, and a credit endorsed thereon for three dollars. Judgment was entered by default for the plaintiff for $90,95 and costs. The defendant took an appeal to the district court of Des Moines county, and the plaintiff recovered a judgment against defendant, and Rodney Arnold his bail on the appeal, in accordance with the statute, for the sum of ninety-four dollars and ninety-six cents damages with costs.

The bill of exceptions shows, that on the trial in the district court, the plaintiff offered in evidence a due bill drawn in his favor by the defendant, on the back of which were indorsed the words and figures, "Filed Nov. 3d. '47, A. Ingraham, J. P." The defendant's counsel objected to the note's going in evidence to the jury; on the ground that it was not the same note which was before the justice, before whom the suit was instituted and tried originally. That therefore, it was a new and different "cause of action" which was not tried there. The only variance relied on to support the objection, is found by reference to the date of the instrument, and the description entry thereof, made by the justice in his transcript. The note bears date the "2nd of April, 1846," whereas the transcript describes it as of the date of "April 12th, 1846." In all other respects it is correctly described. Is this a fatal variance? We think as the case is presented, it is not. It is true it is required by *Rev. Stat.*, 335, § 15, that the "same cause of action" only, could be sustained and tried by the district court on the appeal. But, in a proceeding of this kind, will it be contended that the district court is bound with strict and rigid precision, to confine itself to the transcript of the justice alone, to ascertain whether the instrument offered in evidence to support the plaintiff's action, be the same which was filed with the justice at the commencement, as "the cause of the action?" If so, a single clerical mistake of the justice, who may not be very apt in describing with minuteness an instrument of writing of this kind, may operate to defeat the obvious design of the statute, which saves the case of a party upon appeal from defeat, for "errors, defects or imperfection in the proceedings of the justice." *Rev. Stat.* 335, § 7.

The due bill itself is sent up with the transcript among the papers of the case, and is indorsed "Filed Nov. 3d, 1847." Which indorsement is signed by the justice in his official capacity. The sum of money called for, the rate of interest, the month and year are all correctly stated in the transcript.

In actions before justices of the peace, the plaintiff is not required to file a declaration, so that the rules of practice in relation to variance between the allegations in the declaration and the evidence offered, will not apply. The record of the justice is not to be taken as the plaintiff's declaration in the case. The instrument showing indebtedness, is in stead of a declaration, and when filed in the case is a component part of the record. It comes up with the record, authenticated in the same way that the transcript and other proceedings are, by the attestation of the justice. Coming in this way into the district court, and being an authenticated part of the case with the proceedings, we think it bears its own mark of identity; and it must be taken as the instrument upon which the suit was brought originally before the justice. We consider the variance a mere mistake of the justice, in describing the instrument in his transcript, which is sufficiently apparent under the circumstances; and that it is cured by the statute.

The argument that the defendant may be sued again, and that a former recovery could not be shown in defence, is answered by the fact that the instrument is of record in this case by the filing under attestation, and will so remain,

Judgment affirmed.

*D. Rorer*, for plaintiff in error.

*Grimes* and *Starr*, for defendant.